IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Baldwin, | : | |
| Plaintiff | : | Civil Action 2:10-cv-858 |
| v. | : | Judge Frost |
| Alice Cain, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

ORDER

This matter is before the Court pursuant to Plaintiff's objections to the Magistrate Judge's initial screening report and recommendation that Plaintiff's complaint be dismissed for failure to state a claim.

Plaintiff is a prisoner presently incarcerated in the Warren Correctional Institution. In his complaint, he alleged that, on September 5, 2009, when he was at Mansfield Correctional Institution ("MCI"), Defendant Mark Kisch ("Kisch"), a nursing staff member, gave him medication which was actually supposed to be administered to a different inmate.[1] Plaintiff was given a series of medical tests,

---

[1] Plaintiff attached to his complaint a copy of the decision of the Chief Inspector on his grievance appeal; in it, the Chief Inspector confirmed that Plaintiff had been mistakenly administered Lopid (a drug to treat high cholesterol/triglycerides), Glyburide (a diabetes medication) and Glucophage (another diabetes medication). (Doc. 4 at 7.)

1

although, owing to an intervening holiday weekend, he was not seen by a physician until September 9, 2009.  The head medical examiner at MCI, Defendant Dr. Airaldi, then examined him and asserted that Plaintiff had suffered no serious harm.  The MCI clinic administrator, Defendant Alice Cain ("Cain"), dismissed his complaints about the incident.  Plaintiff brought suit against Kisch, Airaldi, and Cain, claiming that he had suffered pain and suffering as a result of Defendants' medical malpractice and failure to address his serious medical needs.

Upon initial screening, the Magistrate Judge construed Plaintiff's complaint as one brought under 28 U.S.C. §1983 for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  He determined that Plaintiff's complaint had failed to allege that the defendants had acted with the intent to cause plaintiff harm, and found his allegations "insufficient to state a claim that defendants subjected plaintiff to cruel and unusual punishment".  (Doc. 5 at 4.)  The Magistrate Judge accordingly recommended that the complaint be dismissed for failure to state a claim.

Plaintiff has now brought objections to the initial screening.  His objections largely set forth additional detail concerning the effects of the medications which he was mistakenly administered, including claims that he has suffered permanent harm to his health as a result. (Doc. 12.)

The Magistrate Judge was, however, correct in his findings.  As he stated:

> The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v.*

> *Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id*. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer*, 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary*, 273 F.3d 693], 834 [(6th Cir. 2001)."Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).
>
> Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998).

A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

(Doc. 5 at 3-4.)  He found that Plaintiff's complaint simply alleges that Kisch negligently gave plaintiff another inmate's medicine, and that several days later Dr. Airaidi examined him and told him that he had suffered no harm.

3

As the United States Supreme Court has held, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105. The deliberate indifference giving rise to an Eighth Amendment claim for cruel and unusual punishment "describes a state of mind more blameworthy than negligence." Plaintiff's complaint alleges, on its face, that after he was administered the wrong medication MCI medical personnel conducted a "battery of testing", and that he was examined by a physician a few days later who concluded that he was unharmed. Whether or not it was negligent for Kisch to administer the wrong medication, Plaintiff has made no allegation that Kisch (whom he alleged was "neglecting" his job duties and responsibilities) did anything more blameworthy than mere negligence. Plaintiff alleges that Dr. Airaldi delayed seeing him until four days after the incident, but this does not amount to an allegation that in this delay Dr. Airaldi had been deliberately indifferent to his serious medical needs, especially in light of the fact that Plaintiff does not allege that Dr. Airaldi's conclusions were wrong or that he suffered any kind of harm other than anxiety while waiting to be examined.[2] Finally, Plaintiff does not allege that

---

[2] Plaintiff's complaint also contained no allegations that he had actually been harmed by the incident, other than a reference to "pain and suffering... that almost took my life" in his prayer for relief. (Doc. 4 at 6.) In his objections, Plaintiff elaborates on his ordeal in waiting to see if the medication had caused any harmful effects. However, the Court is required to base its initial screening under 28 U.S.C. §1915(e)(2) upon Plaintiff's originally-filed complaint. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). His objections, regardless, do not add any allegations concerning how *blameworthy* any defendant was in the incident.

Cain violated his constitutional rights – or even harmed him – in any way by merely failing, after the event, to take disciplinary action against Kisch other than a warning.

Plaintiff's allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs.  Accordingly, the Report and Recommendation (Doc. 5) is **ADOPTED**.  Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §1915A(b) for failure to state a claim upon which relief can be granted.

   /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

5